ERNEST MATTHEW LOVE,

        Petitioner,

        v.

Case No. 22-cv-860-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION UNDER 28 U.S.C. §2255 TO VACATE SENTENCE BY A PERSON IN FEDERAL CUSTODY (DKT. NO.1), VACATING SENTENCE IMPOSED IN CASE NO. 18-CR-26 AND ORDERING RESENTENCING HEARING**

In 2018, the statutory maximum penalty for someone convicted of being a felon in possession of a firearm was ten years under the then-existing version of 18 U.S.C. §924(a)(2).[1]

On February 5, 2018, the petitioner signed a plea agreement. <u>United States v. Ernest M. Love</u>, Case No. 18-cr-26 (E.D. Wis.), Dkt. No. 2 at 12. He agreed to plead guilty to knowingly possessing a firearm after having been convicted of a felony. <u>Id.</u> at ¶5. The petitioner acknowledged that he was subject to the sentencing enhancement mandated by the Armed Career Criminal Act, 18 U.S.C. §924(e), which meant that he faced a fifteen-year mandatory minimum sentence and a maximum of life. <u>Id.</u> at ¶8. The parties

---

[1] This year, Pub. L. 117-159, §§12004(c)(1) and 12004(c)(2) increased the statutory maximum penalty for someone convicted of being a felon in possession to fifteen years.

agreed to jointly recommend the mandatory minimum sentence of fifteen years. Id. at ¶22.

The Presentence Investigation Report indicated that prior to being charged with the offense of conviction, the petitioner had accrued the following prior convictions:

* An August 11, 1997 juvenile adjudication in state court for armed robbery with the threat of force (party to a crime);

* An October 17, 2001 felony conviction in state court for possession of cocaine with intent to distribute;

* A December 6, 2004 felony conviction in state court for possession of cocaine with intent to distribute; and

* A January 10, 2012 felony conviction in federal court for possession of a firearm by a convicted felon.

Case No. 18-cr-26, Dkt. No. 15 at ¶¶28-31. The presentence writer concluded that the petitioner qualified as an armed career criminal. Id. at ¶34. The Presentence Investigation Report calculated that the mandatory minimum sentence was fifteen years, or 180 months, to 188 months. Id. at ¶83.

Neither the petitioner nor the government filed objections to the Presentence Investigation Report. At the March 18, 2019 sentencing hearing, the court found that the petitioner qualified as an armed career criminal and imposed the jointly-recommended sentence of 180 months, or fifteen years. Case No. 18-cr-26, Dkt. Nos. 18, 19. The petitioner did not appeal.

On July 27, 2022, the petitioner filed an unopposed motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Dkt. No. 34. The clerk's office opened the instant civil case. Case No. 22-cv-860, Dkt. No. 1. The motion asserted that two of the three convictions that the court used as predicates for the armed career criminal sentencing enhancement—the two cocaine convictions—were not proper predicate offenses. Id. at 2. It argued that these two convictions—both for offenses involving less than five grams of cocaine—were Class F felonies under Wisconsin law. Id. The petitioner pointed out that in 2014, the Seventh Circuit had decided in United States v. Spencer, 739 F.3d 1027, 1031-32 (7th Cir. 2014) that after the year 2000, the maximum term of imprisonment for a Class F felony under Wisconsin law was seven-and-a-half years, and thus that a conviction for a Class F felony did not meet the Armed Career Criminal Act's definition of a "serious drug offense" (an offense carrying a term of imprisonment of ten years or more, 18 U.S.C. §924(e)(2)(A)(ii)). Id. at 34. Thus, the petitioner argued, the fifteen-year sentence the court imposed in March 2019 exceeded the then-applicable statutory maximum sentence of ten years. Id. The petitioner asked the court to vacate that sentence and to resentence him. Id. at 5. He indicated that the government did not oppose the motion, id. at 1, that the government had waived any statute-of-limitations defense, id. at 4, and that the government had agreed to waive the defense of procedural default, id. at 4-5, n.2.

On July 28, 2022, the government responded to the court's request that it confirm it had no objection to the motion; the government indicated that it had no opposition to the petition. Dkt. No. 3.

The Wisconsin Circuit Court Access Program shows that in 2001, the petitioner pled guilty/no contest to violating Wis. Stat. §961.41(1m)(cm)1, possession with intent to distribute less than five grams of cocaine. State v. Ernest Mathew Love, Case No. 2001CF004094 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov/caseDetail.html?caseNo= 2001CF004094&countyNo=40&index=0&mode=details. It indicates that in 2004, the petitioner pled guilty/no contest to violating Wis. Stat. §961(1m)(cm)1r, possession with intent to distribute between one and five grams of cocaine. State v. Ernest Matthew Love, Case No. 2004CF0001851 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov/ caseDetail.html?caseNo=2004CF001851&countyNo=40&index=0&mode= details.

The Armed Career Criminal statute says that a person convicted of being a felon in possession after accruing three prior convictions for either a violent felony or a "serious drug offense" is subject to the fifteen-year mandatory minimum. See 18 U.S.C. §924(e)(1). One of the definitions of a "serious drug offense" provided by the statute is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."

4

Case 2:22-cv-00860-PP   Filed 08/15/22   Page 4 of 10   Document 4

Wis. Stat. §961(1m)(cm)1r indicates that a person violates that statute and the amount possessed is more than one gram but not less than five grams, the person is guilty of a Class F felony. In 2014, the Seventh Circuit addressed whether a Class F felony under Wisconsin law constitutes a "serious drug offense" for the purposes of the Armed Career Criminal Act's sentencing enhancer, concluded that it did not. In United States v. Spencer, the court explained:

> Spencer's Wisconsin conviction is for a Class F felony. A separate statute, Wis. Stat. § 939.50(3)(f), provides that the maximum punishment for a Class F felony is 12½ years' imprisonment. But for felonies committed in 2000 and later (as Spencer's was), the judge must impose a "bifurcated sentence" that "consists of a term of confinement in prison followed by a term of extended supervision". Wis. Stat. § 973.01(2). For a Class F felony, the longest permissible "term of confinement in prison" is 7 ½ years, Wis. Stat. § 973.01(2)(b)(6m). "Extended supervision" must be at least 25% of the "term of confinement in prison", see § 973.01(2)d), and may be as long as the rest of the term authorized by § 939.50(3). The consequences of "extended supervision" are laid out in Wis. Stat. § 302.113. The state's Department of Corrections can extend an inmate's time in prison by as much as 10 days for the first violation of any prison rule, 20 days for the second, 40 days for the third, and 50% of any time spent in segregation; all of these extensions together cannot exceed the term of extended supervision. A convict released from custody, but still on extended supervision, may be returned to prison for the balance of the term if the convict violates any condition of supervision imposed by the judge, either initially or on petition by the Department.

Spencer, 739 F.3d at 1028-29.

Given this statutory structure, the court concluded that the "highest custodial sentence a judge in Wisconsin was authorized to impose on Spencer for his Class F felony was 7 ½ years," and that "the upshot" was that Spencer's Class F felony did not qualify as a predicate offense under 18 U.S.C. §924(e)

5

and thus that he was not subject to the armed career criminal sentencing enhancement. Id. at 1031-32.

The petitioner's two Class F felony convictions occurred after the year 2000. That means that the highest custodial sentence he could have received for either one was seven and a half years, which means that neither conviction constituted a "serious felony offense" under the definition in §924(e)(2)(A)(ii). This court should not have sentenced him as an armed career criminal and the fifteen-year sentence the court imposed exceeded by five years the then-applicable ten-year statutory maximum sentence. In addition, the defendant's adjusted offense level would likely have been 21 absent the Armed Career Criminal enhancement; with a criminal history category of V, his sentencing range likely would have been 70 to 87 months, rather than the 151-to-188 month range that resulted from the ACC enhancement.

As the petitioner points out, neither the prosecutor, defense counsel, the presentence writer nor this court caught this sentencing error at the time. Fed. R. Crim. P. 35(a) allows a court to correct a sentence that resulted from a clear error but requires the court to make such a correction within fourteen days after sentencing. As the petitioner was sentenced in March 2019, that fourteen-day period has long expired. That is why the petitioner filed a collateral attack via a motion to vacate the sentence under 28 U.S.C. §2255.

Under 28 U.S.C. §2255(f), a petitioner must bring a motion to vacate, set aside or correct his sentence within one year of the date upon which it becomes final. The petitioner's judgment of conviction became final in the spring of

2019, when the fourteen days for appealing his sentence expired, which means his July 2022 petition was not timely filed. As the petitioner explains, however, the Seventh Circuit has held that "[t]he statute of limitations in § 2255(f)[(1)] is not a jurisdictional requirement, but rather an affirmative defense." Anderson v. United States, 981 F.3d 565, 571 (7th Cir. 2020) (quoting Arreola-Castillo v. United States, 889 F.3d 378, 382 (7th Cir. 2018)). A respondent's failure to raise the defense results in its forfeiture and courts are not obligated to raise the timeliness issue *sua sponte*. Id. (citing Day v. McDonough, 547 U.S. 190, 207-08 (2006); Fed. R. Civ. P. 8(c), 12(b), 15(a)). The respondent has not raised the statute-of-limitations defense here; the court deems that defense forfeited.

The petitioner did not appeal his conviction and sentence, even though Spencer was decided several years before the petitioner pled guilty and this court sentenced him. "A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default." White v. United States, 8 F.4th 547, 554 (7th Cir. 2021) (citing McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016)). "To overcome procedural default and obtain § 2255 relief, [the petitioner] must show either cause for the default and actual prejudice form the alleged error, or that he is actually innocent . . . ." Id. (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "A petitioner does not suffer pervasive or actual prejudice from an allegedly erroneous [Armed Career Criminal Act] enhancement if, despite an error, the government can still demonstrate that he has three qualifying predicate convictions to support the enhancement." Id.

7

Case 2:22-cv-00860-PP   Filed 08/15/22   Page 7 of 10   Document 4

Here, the respondent has decided to forego the defense of procedural default. The Seventh Circuit has held that "although a district court is permitted . . . to consider a [procedural default] defense belatedly raised by the state, even to raise that defense *sua sponte,* the court is not permitted to override the state's decision implicit or explicit . . . to forego that defense." Henderson v. Thieret, 859 F.2d 492, 498 (7th Cir. 1988). Because the respondent has explicitly decided to forego the procedural default defense, this court cannot override that decision and apply the doctrine of procedural default. Even if the respondent had not waived the defense, the petitioner would be able to show prejudice—there is no dispute that without the 2001 and 2004 cocaine convictions, the petitioner does not have three qualifying predicate convictions to support the armed career criminal sentencing enhancement.

Finally, the Seventh Circuit has held that §2255 relief is appropriate "only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Narvaez v. United States, 674 F.3d 621, 627 n.10 (7th Cir. 2011) (quoting Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004)). In the context of a post-conviction change in the law that rendered the sentencing court's classification of the petitioner as a career offender unlawful, the Seventh Circuit rejected the government's argument that because the unlawfully-enhanced sentence did not exceed the statutory maximum, the sentence did not suffer from a fundamental defect. Id. at 629. The court said:

8

> . . . The fact that [the petitioner's] sentence falls below the applicable statutory-maximum sentence is not alone determinative of whether a miscarriage of justice has occurred. The imposition of the career offender status branded [the petitioner] as a malefactor deserving of far greater punishment than that usually meted out for an otherwise similarly situated individual who had committed the same offense. It created a legal presumption that he was to be treated differently from other offenders because he belonged in a special category reserved for the violent and incorrigible. No amount of evidence in mitigation or extenuation could erase that branding or its effect on his sentence. His designation as a career offender simply took as unchallenged a premise that was not true and gave him no way of avoiding the consequences of that designation. The sentencing court's misapplication of the then-*mandatory* § 4B1.1 career offender categorization in [the petitioner's] case was the lodestar to its guidelines calculation. It placed him in a very special status for the calculation of his final sentence solely because the court ruled that he was a career offender and that the corresponding guidelines required such a status. Speculation that the district court today might impose the same sentence is not enough to overcome the fact that, at the time of his initial sentencing, [the petitioner] was sentenced based upon the equivalent of a nonexistent offense. As the Supreme Court put it in *Hicks v. Oklahoma*, 447 U.S. 343, 346 . . . (1980), to assume that the same sentence would have been imposed in the absence of the career offender provision is "frail conjecture" that evinces in itself "an arbitrary disregard of the petitioner's right to liberty." This error clearly constitutes a miscarriage of justice. The Government is correct that [the petitioner] does not have an absolute right to a lower sentence. Nevertheless, he does have an absolute right not to stand before the court as a career offender when the law does not impose that label upon him.

Id. at 629.

Although the procedural posture of this case is different than the posture in Narvaez, the reasoning applies with even more force. The respondent was not an armed career criminal at the time the court sentenced him. It should not have treated him as one. Its erroneous characterization of the respondent as an armed career criminal resulted in the court imposing an illegal sentence

five years longer than the statutory minimum sentence—an error that resulted in a miscarriage of justice.

The court **GRANTS** the respondent's unopposed motion under 28 U.S.C. §2255 to vacate a sentence by a person in federal custody. Dkt. No. 1.

The court **ORDERS** that the 180-month sentence imposed in United States v. Love, Case No. 18-cr-26, and the judgment implementing that sentence, is **VACATED**. Dkt. No. 19.

The court **ORDERS** that the respondent appear before this court for resentencing in Case No. 18-cr-26 on a date and time determined by the court and the parties. The court's staff will contact the parties to arrange the resentencing hearing.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of August, 2022.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**

10

Case 2:22-cv-00860-PP   Filed 08/15/22   Page 10 of 10   Document 4